754

## FITE v. UNITED STATES.
### No. 1190.

District Court, W. D. Missouri, W. D.
May 17, 1946.
May 17, 1943.

Dupuy G. Warrick and Ruth Hall, of Warrick, Koontz & Hazard, all of Kansas City, Mo., for plaintiff.

Thomas A. Costolow, Asst. U. S. Dist. Atty., of Kansas City, Mo., for defendant.

OTIS, District Judge.

### Finding of the Court

The Court: I accept as the law of the case the decision of Judge Collet from whom I took this case, that the plaintiff here was the proper person to bring the suit, or was a proper person, and I do not give further consideration to that question although I agree with Mr. Costolow that I might give further consideration to it.

On the merits the question presented is not entirely free from doubt. It is to be resolved on a fairly narrow consideration. We must seek the reality of the situation as the reality of the situation is disclosed by the evidence, by all of the evidence. It is not so easy to do that.

The evidence here is chiefly made up of exhibits offered by the plaintiff and by the testimony of the plaintiff. There is no other evidence. The chief item of the plaintiff's evidence and of the evidence in the case is the contract which was entered into between the corporation, the DeRay Theatre Corporation and plaintiff, and then renewed, and then again renewed. I agree with Mr. Costolow's theory that that contract is not conclusive, but if the contract is taken at its face value then I think it is conclusive because while it uses the word "employee" in the early part of the contract, it is very clear that it was the intention of the parties to the contract and of the draftsmen of the contract that the plaintiff should not be an employee of the DeRay Theatre Corporation within the usual meaning of "employer" and "employee." That specific portion of the contract overrides any general language that was used. What do we say when we employ a lawyer? We say we employ a lawyer but he is not an employee in the usual sense. It was with the same meaning, I suppose, that the word "employee" was used in this contract.

Now, I find that if the contract is taken at its face value, the relationship disclosed here was that of an independent contractor and not that of an employee. It seems to me that we should so take the contract entered into by apparently reputable parties, drawn by reputable counsel. The evidence discloses that this contract was drawn by reputable counsel. I do not draw on my own mind, my own knowledge concerning that matter of course. I say a contract drawn by reputable parties, by reputable counsel should be taken at its face value if there is any justification, any reason to believe that the contract, such a contract would have been entered into, any reason for believing that the true explanation is not a desire to defraud the Government. Well, it seems to me that there is a legitimate explanation given for the contract. Here was work to be done which the plaintiff might have done as president of the corporation, but which could better be done, more efficiently be done, more economically be done if he did it as an individual, not for one corporation only but for several corporations, and he intended, so the evidence is—nothing to the contrary, no reason to believe anything to the contrary—to expand the business to include not only these four corporations referred to in the evidence but others as well. I think that explanation is one we must ac-

cept and if we do accept it, the contract then should be taken at its face value.

The issue of fact in this case, as counsel have said on both sides, is whether the compensation on which the additional tax was assessed, on which the additional tax was paid, whether that compensation was paid the plaintiff as an employee of the DeRay Theatre Corporation or paid to him as an independent contractor. I find the fact to be that the compensation paid to the plaintiff as set out in the pleadings upon which compensation the tax, the refund of which now is sought, was paid, was paid to the plaintiff as an independent contractor, not as an employee.

I conclude as a matter of law the plaintiff is entitled to recover in his suit. Judgment is as follows:

This case coming on to be heard upon the pleadings, the evidence introduced and the argument of counsel, and the Court being fully advised in the premises, and having made a finding of fact and announced the conclusion of law,

It is Ordered, Adjudged and Decreed that the plaintiff have and recover of and from the defendant $389.55 with interest thereon at the rate of 6% from February 18, 1941, and I shall ask counsel on both sides to calculate what the interest is so that the definite amount may be stated in the judgment.

The petitioner prays for costs but I do not understand costs can be assessed against the Government.

Mr. Warrick: Shall we supply Mr. Spaulding the computation, Your Honor?

The Court: Yes, supply the computation and give it to the reporter so that she can include it in the judgment when she writes it up.

### Order of Judgment

This case coming on to be heard, upon the pleadings, the evidence introduced and the argument of counsel, and the Court being fully advised in the premises, and having made a finding of fact and announced the conclusion of law,

It Is Ordered, Adjudged And Decreed that the plaintiff have and recover of and from the defendant Three Hundred Eighty-Nine and 55/100 ($389.55) Dollars with interest thereon at the rate of six per cent from February 18, 1941, interest to date amounting to Fifty-Two and 64/100 ($52.64) Dollars.